UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL CHARITY, JR., and <br> MICHAEL CHARITY, <br>　　Plaintiff, <br> <br> v. <br> <br> AMERICAN AIRLINES, INC., <br>　　Defendant. | 3:08cv1532 (WWE) |

## RULING ON PLAINTIFF'S MOTION TO REMAND

This is a tort action stemming from a burn injury to plaintiff Michael Charity, Jr., that occurred during a defendant American Airlines, Inc. flight. Specifically, on September 17, 2006, plaintiff Michael Charity, Jr., and his father, Michael Charity, were passengers on an American Airlines flight when an airline attendant spilled hot coffee on Michael Charity, Jr.

The defendant removed the case from the Connecticut Superior Court, Judicial District of Bridgeport to the United States District Court on the basis of diversity jurisdiction. Pending before this Court is a motion by the plaintiff to remand to the Connecticut Superior Court, asserting that, although there is diversity of citizenship as required by the Federal Rules of Civil Procedure, the amount in controversy falls below the required $75,000 for federal court diversity jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons set forth below, the plaintiff's motion will be denied.

## DISCUSSION

Pursuant to 28 U.S.C. § 1446(b), a case originally filed in state court can only be removed within thirty days after receipt of a pleading, motion, order or other paper from

1

which it "may first be ascertained that the case is one which is or has become removable."

On a motion to remand, the court construes all factual allegations in favor of the party seeking the remand. Metro. Prop. & Cas. Ins. Co. v. J.C. Penney Casualty Ins. Co., 780 F. Supp. 885, 887 (D. Conn. 1991). Moreover, it is well settled that defendants, as the parties removing the action to federal court, have the burden of establishing federal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

In the instant case, plaintiffs assert that the reasonable value of their claims as set forth in the complaint, and any expected recovery by the plaintiff on these claims will not exceed $75,000. However, defendant asserts that the requisite jurisdictional amount is satisfied because plaintiff had previously demanded by letter compensation in the amount of $175,000. A demand letter may constitute "other paper" providing grounds for removal. Simpson v. AWC 1997 Corp., 2008 WL 2884999 (N.D.N.Y. 2008). Accordingly, the Court finds that the jurisdictional amount is satisfied for purposes of removal. The motion for remand will be denied.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand to Connecticut Superior Court (Doc. #11) is DENIED.

Dated this __11th__ day of November, 2008 at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR U.S. DISTRICT JUDGE